# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| HUSSEIN YACOUB EID and ROLA E. BASHITI,<br>*Plaintiff*,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY, UNITED STATES DEPT. OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, and ROBERT S. MUELLER III, DIRECTOR, FEDERAL BUREAU OF INVESTIGATION<br>*Defendants*. | No. 07-cv-201 (JBA) |

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiff spouses Hussein Eid and Rola Bashiti, residents of Bridgeport, Connecticut, seek to compel adjudication of their applications for adjustment of status to lawful permanent residents pending with the defendant Secretary of Homeland Security since September 23, 2003 and December 12, 2003, but do not seek a particular disposition. The defendants have separately moved to dismiss. For the reasons discussed below, Secretary Chertoff's motion will be denied, while Attorney General Mukasey and Director Mueller's motion will be granted, without opposition, on mootness grounds.

## I.      Facts and Background

Mr. Eid, a Jordanian citizen, came to the United States on a student visa and since

1

1998 has resided and worked in the United States under an H1-B visa[1] as the beneficiary of an approved alien employment certification issued by the United States Department of Labor. He applied to the Department of Homeland Security's Citizenship and Immigration Services (CIS) for adjustment to permanent resident status pursuant to 8 U.S.C. § 1255 on September 23, 2003, and his spouse, Ms. Bashiti, who holds Israeli travel papers, seeks permanent resident status as a derivative beneficiary of Mr. Eid's application. Her application for adjustment of status was filed on December 12, 2003. The plaintiffs allege that they have paid all of the appropriate and necessary fees, and filed all the necessary supporting documentation. Having received no decision from CIS on their applications nor any other communications, the plaintiffs brought suit on May 25, 2007. To date, CIS has issued no determination on their applications.[2] The plaintiffs seek review of this agency inaction under the Administrative Procedure Act (APA), 5 U.S.C. § 702.

In his papers and at oral argument, Secretary Chertoff identified the FBI background name check procedure, which is undertaken as part of adjustment of status decision-making, as the principal obstacle to final adjudication of the plaintiffs' applications. On that representation, the plaintiffs amended their complaint on December 18, 2007 to add Attorney General Mukasey and FBI Director Mueller as

---

[1] 8 U.S.C. § 1101(H)(i)(b) defines certain visitors to the United States as non-immigrants who may enter the country under the sponsorship of an employer "to perform services . . . in a specialty occupation . . . or as a fashion model." The so-called H1-B visa program regulates such visitors.

[2] Thus, Mr. Eid's application has been pending for 1,651 days, while Ms. Bashiti's has been pending for 1,571 days.

defendants (Doc. # 23) as necessary for the relief sought. On February 8, 2008, Mukasey and Mueller filed a separate motion to dismiss, incorporating Chertoff's arguments and adding a mootness argument based on the affidavit of Michael Cannon, the FBI section chief in charge of the name check procedure which avers that Mr. Eid's name check was completed on January 17, 2008, that Ms. Bashiti's was completed on January 21, 2004, and that the results have been sent to CIS, *see* Cannon Aff. (Doc. # 29-3).

The defendants collectively move to dismiss Mr. Eid and Ms. Bashiti's complaint on three grounds: that the court lacks subject matter jurisdiction over the dispute; that the plaintiffs have failed to state a claim; and, as to Mukasey and Mueller, that the plaintiffs' claims are moot because the FBI background name check procedure has been completed.

## II.     Standards

A case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may refer to evidence outside the pleadings. *Id.* Evidence concerning the court's jurisdiction "may be presented by affidavit or otherwise," *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Makarova*, 201 F.3d at 113; *see also*

*Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996) ("The burden of proving jurisdiction is on the party asserting it") (internal quotation marks omitted).

When adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the pleader. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III. Mootness of Claims Against Mukasey and Mueller

Mootness occurs "when the parties have no legally cognizable interest or practical personal stake in the dispute, and the court is therefore incapable of granting a judgment

4

that will affect the legal rights as between the parties." *ABN AMRO Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 94 (2d Cir. 2007) (internal quotations omitted). Mootness may affect specific claims, rather than an entire case, should changes in circumstance mean that a court is unable to render judgment on a particular claim. *E.g., Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (graduation renders students' claims against university moot).

Since the FBI's name check procedure has been completed for Mr. Eid and Ms. Bashiti – an assertion which the plaintiffs have not contested – defendants Mukasey and Mueller have completed the activity which the plaintiffs seek to compel from them, and there is no longer a judgment which will affect the legal rights of the plaintiffs as against Attorney General Mukasey and Director Mueller. The plaintiffs' claims against those two defendants are therefore moot, and Mukasey and Mueller will be dismissed from the case.

## IV. District Court Jurisdiction Related To Adjustment of Status Applications

Secretary Chertoff moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), urging that this Court lacks subject matter jurisdiction to review his discretionary actions and decisions related to the processing and adjudication of adjustment of status applications, which plaintiffs challenge in their case as being interminable and without end in sight.[3]

---

[3] The Secretary also seeks dismissal on the basis that this Court does not have jurisdiction over mandamus actions where the defendant does not owe a non-discretionary duty to act although he

Section 1331 of Title 28 grants this Court subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The Immigration and Naturalization Act (INA) provides that

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General,[4] in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). Notably, § 1255(a) does not impose a time frame within which such decisions must be taken. The REAL ID Act of 2005, Pub. L. No. 109-13, amended the INA to provide that "no court shall have jurisdiction to review . . . any judgment[5] regarding the granting of relief under [8 U.S.C. § 1255], or any other decision or action of

---

acknowledged at oral argument that he had a duty not to "take an unreasonable amount of time to have lawfully adjudicated the application," Oral Arg. Nov. 14, 2007. Mandamus is distinct from declaratory relief, *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). While plaintiffs reference the mandamus statute in their complaint as one ground for jurisdiction, Amended Compl. at ¶ 4, neither their factual allegations, statements at oral argument, nor their prayer for relief indicates that they seek issuance of a mandamus, only declaratory and injunctive relief, *id.* at 4-5. Thus the Court will construe plaintiffs' action as seeking declaratory and injunctive relief only, and Secretary Chertoff's motion to dismiss for lack of subject matter jurisdiction based on the mandamus statute will be denied as moot.

[4] Following the creation of the Department of Homeland Security in 2002 and subsequent reorganization of executive agencies accomplished by the Homeland Security Act of 2002, Pub. L. No. 107-296, the Secretary of Homeland Security is now "charged with the administration and enforcement of [the Immigration and Naturalization Act] and all other laws relating to the immigration and naturalization of aliens," 8 U.S.C. § 1103(a)(1). *See also* 6 U.S.C. § 557 (mandating that following the reorganization, "reference in any other Federal law to any department, commission, or agency or any officer or office the functions of which are so transferred shall be deemed to refer to the Secretary, other official, or component of the Department to which such function is so transferred").

[5] Because no judgment has been made on plaintiffs' applications, the Secretary does not ground his motion on this part of the REAL ID Act.

the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security," 8 U.S.C. § 1252(a)(2)(B). Thus, "[a]djustment of status is a matter of grace, not of right, and the evaluation of such applications is left to the discretion of the Attorney General," *Wallace v. Gonzales*, 463 F.3d 135, 137 (2d Cir. 2006).

In the Secretary's contemplation, the absence of any deadline in § 1255(a) within which adjustments of status must be adjudicated, in combination with § 1252(a)(2)(B)'s jurisdiction limitation means that courts' lack of subject matter jurisdiction includes review of the point at which the Secretary reaches his decision on adjustment of status applications because that review procedure has been committed to his discretion.

While § 1252(a)(2)(B) precludes review of "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified" to be discretionary, the defendant's alleged inaction, notwithstanding the absence of any statutory timeliness arguments, is not 'action' or 'decision.' Moreover, the issue of when a decision on an application is reached is contradicted with how it is reached is only tangentially related to the substance of the determination on adjustment of status applications and cannot be within the statutory contemplation of "decision or action" specified to be committed to the Secretary's sole discretion. The very fact that § 1255(a) is silent on a time frame for making the determination confirms that the pace of reaching a decision has not been specified as jurisdiction-stripping discretionary authority under the statute. Since the REAL ID Act by its terms removed from judicial

review only defendant's actions and decisions "the authority for which is specified . . . to be in the discretion of the Secretary of Homeland Security," the Court retains its federal question jurisdiction under 28 U.S.C. § 1331 to decide whether the defendant has violated the Administrative Procedure Act mandate that he adjudicate applications for adjustment of status "within a reasonable time," 5 U.S.C. § 555(b). In other words, while the pace of adjudication presumably involves some exercise of discretion, to be immune from judicial review, it must be specified as discretionary in the INA and this Court does not read the INA as doing so. *See Yong Tang v. Chertoff*, 493 F. Supp. 2d 148, 154 (D. Mass. 2007) ("Despite the care taken in the INA to specify the substance of an adjustment of status decision as discretionary, the pacing of such a decision is not so specified"); *Liu Duan v. Zamberry*, No. 06-1351, 2007 U.S. Dist. LEXIS 12697 (D. Pa. 2007) ("The subchapter at issue specifies only that it is within the discretion of the Attorney General to adjust one's status; it does not address, much less specify any discretion associated with, the pace of application processing"). Given the circumstances set out in plaintiffs' complaint relative to the length of time their applications have been pending to date, they have met their burden of showing subject matter jurisdiction and defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

V.    **Administrative Procedure Act (APA), 5 U.S.C. § 702**

Secretary Chertoff also moves to dismiss the complaint for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), arguing that judicial review of an agency decision is not

available under the APA where the disputed decision has been committed to agency discretion by law.

The APA specifies that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" may seek judicial review of "final agency action," 5 U.S.C. § 704, where such action includes "agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). However, judicial review of agency action may not be had where "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2), because "a court would have no meaningful standard against which to judge the agency's exercise of discretion," *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

Part of the wrinkle in the Secretary's argument here is that the heart of the plaintiffs' claim is the allegation that there never has been any action or decision on plaintiffs' applications one way or the other for more than four years. Undisputedly, if there had been a decision on the applications, the substance of that decision, having been committed to agency discretion by the INA, would not be reviewable under the APA. As concluded above, however, agency inaction and the timing of decision-making on adjustment of status applications has not been committed to the Secretary's sole discretion by the INA. Furthermore, to the extent the Secretary continues to not reach a decision on plaintiffs' applications, the resulting interminable disposition process would be at odds with the APA requirement that "*within a reasonable time*, each agency shall proceed to conclude a matter presented to it," § 555(b) (emphasis added). *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62-63 (2004) (concluding that "[a] 'failure to act'

is not the same thing as a 'denial'"). Nothing in the INA relieves the Secretary of his obligation to dispose of pending adjustment of status applications in a reasonable time frame and to give applicants prompt notice of those decisions, 5 U.S.C. § 555(e). *Accord* 8 C.F.R. § 103.2(a)(19) ("An applicant or petitioner shall be sent a written decision on his or her application, petition, motion, or appeal"); 8 C.F.R. § 103.3(a)(1)(I) ("When a [CIS] officer denies an application or petition… the officer shall explain in writing the specific reasons for denial"). Counsel for the Secretary agreed at oral argument CIS must ultimately adjudicate the plaintiffs' applications. It cannot fail to carry out this duty to decide by infinitely prolonging the decision-making process.

Thus, the Secretary's position that his unreviewable discretion to grant or deny applications under § 1255(a) extends to discretion to adjudicate those requests at the pace of his choosing – no matter how slow – is inconsistent with its obligation under the APA to conclude the matter presented it within a reasonable time. Other courts to consider this issue agree. *See, e.g., Ceken v. Chertoff*, No. 06-cv-2051, 2008 U.S. Dist. LEXIS 11549 at *12 (D. Conn. Feb. 12, 2008) (Eginton, J.) ("While the defendants possess the discretion to determine the outcome of plaintiff's application, they do not have the discretion over whether the outcome of the application is determined at all"); *Aslam v. Mukasey*, No. 07-cv-331, 2008 U.S. Dist. LEXIS 5616 at *7-9 (E.D. Va. Jan. 25, 2008) ("Although the INA places the decision of whether to adjust status in the sound discretion of the Secretary, it says nothing about the Secretary's discretion to set the pace of that decision"); *Ren v. Mueller*, No. 07-cv-790, 2008 U.S. Dist. LEXIS 4300 at *18-19

(M.D. Fla. Jan. 22, 2008) (permitting CIS to avoid adjudicating adjustment of status applications "would render toothless all timing restraints, including those imposed by the APA, and [s]uch a result would amount to a grant of permission for inaction, and a purposeful disregard of the potential for abuse thereof, on immigration matters") (alteration in original) (internal quotations omitted); *Yong Tang*, 493 F. Supp. 2d at 154 ("While it is undisputed that the substance of the Attorney General's decision is discretionary, he does not have discretion to decide not to adjudicate at all"); *Dae Hyun Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) ("[The government] simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA."). *But see Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1352 (S.D. Fla. 2007) ("If Congress intended to confer jurisdiction on a federal court to review the pace of adjudication for adjustment of status applications, it would have expressly provided for a time limitation"); *Sharif v. Chertoff*, 497 F. Supp. 2d 928 (N.D. Ill. 2007); *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006).

Thus, while the jurisdiction-stripping provision of the REAL ID Act has divested courts of the authority to review the results of status-adjustment deliberations, it did not confer on Secretary Chertoff authority to make these plaintiffs wait in limbo for such determination. Whether the plaintiffs' wait of more than four years is unreasonable and thus legal wrong because of agency action by which plaintiffs are adversely affected, albeit by agency inaction, this is a fact-based determination, as defense counsel acknowledged

at oral argument. Having failed to demonstrate that as a matter of law that the plaintiffs are not "entitled to offer evidence to support the claims," *Scheuer*, 416 U.S. at 236, the Secretary's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will also be denied.

VI.     **Conclusion**

For the reasons set forth above, Attorney General Mukasey and Director Mueller's motion to dismiss [Doc. # 29] is GRANTED, and Secretary Chertoff's motion to dismiss [Doc. # 14] is DENIED.

IT IS SO ORDERED.

/s/

_____<br>JANET BOND ARTERTON, U.S.D.J.

Dated at New Haven, Connecticut, this 31st day of March, 2008.